*259 ORDER (Denial of Request)
TODD R. MATHA, Associate Judge.
INTRODUCTION
This case concerns whether a legal custodian, Excilda Bird, maternal grandmother, can access monies on behalf of her grandchild from the Children’s Trust Fund [hereinafter CTF] to pay for documented costs associated with the minor’s secondary education. The Court employs the standard enunciated in the Amended and Restated Per Capita Distribution Okdi-nance [hereinafter Per Capita Ordinance] § 6.01(b) to assess the merit of the grandparent’s request. The Court cannot grant the request at this time due to the existence of other potential tribal funding.
PROCEDURAL HISTORY
The plaintiff, Excilda Bird, initiated the current action by filing a Petition for the Release of Per Capita. Disbursement with the Court on September 8, 1999. Consequently, the Court issued a Summons accompanied by the above-mentioned Petition on September 8, 1999, and delivered the documents to the defendant, Ho-Chunk Nation Office of Tribal Enrollment. The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to the Ho-CImnk Nation Rides of Civil Procedure [hereinafter' HCN R. Civ. P.], Rule 5(B). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period. The defendant, by and through Attorney Sheila D. Corbine, filed a timely Answer on September 23, 1999, expressing conditional assent to the Petition. The defendant requested that the plaintiff submit two forms of documentary proof to the Court: evidence of exhaustion and a current CTF account statement. The Court sent No-ticefs) of Hearing to the parties on September 28, 1999, stating the date, time and place of the Fact Finding Hearing. On October 20, 1999, R.E.C. requested to appear by telephone at the Hearing, and also submitted further documentation. The following parties appeared at the October 25, 1999 Fact Finding Hearing: Attorney Sheila D. Corbine, Excilda Bird and R.E.C. (by telephone).
APPLICABLE LAW
HO-CHUNK RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process
(B) Summons. The Summons is the official notice to the party informing him/ her1 that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar' days (See, HCN. R. Civ. P. 6) and that a Default Judgment, may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed complaint attached.
HCN AMENDED AND RESTATED PER CAPITA DISTRIBUTION ORDINANCE
Section 6.01. Minors and Other Legal Incompetents
(a) The interests of minors and other legally incompetent Members, otherwise entitled to receive per capita payments, shall, in lieu of payment to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for such CTFs approved by the Nations Leg *260 islature as soon after passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTFs shall be invested in a reasonable and prudent manner which protects the principal and seeks reasonable return. The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (i) said Member-beneficiary meeting the dual criteria of (a) reaching the age of eighteen (18) and (b) producing evidence of personal acquisition of a high school diploma or an HSED or a GED, if and only if, the Member’s state of residence does not offer a more comprehensive testing alternative (hereinafter defined as “equivalent academic credential”) to the Enrollment department, or evidence that a diploma could not be obtained due to handicap or learning disability notwithstanding the minor’s diligent effort to complete high school and obtain a diploma or (ii) the Member reaches the age of twenty-one (21); provided that this provision shall not operate to compel disbursement of funds to Members, legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a. high school diploma or equivalent academic credential, or evidence of substantial disability and diligent effort to complete high school, such Member’s per capita funds shall be retained in the CTF account and shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur of (x) the Member produces the required diploma or equivalent academic credential; (y) the Member reaches the age of twenty-one (21); or, (z) the Member is deceased. Notwithstanding the continuation of the CTF up to the Member reaching age twenty-one (21), the Member failing to meet the graduation requirement shall be entitled to directly receive all per capita distributions as and when made to all qualified adult Members after said Member’s eighteenth (18) birthday, unless determined to be legally incompetent and therefore subject to a CTF.
(b) Funds in the CTF of a minor or legally incompetent member may be available for the benefit of a beneficiary’s health, education and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement program, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, (1) a written request must be submitted to the Nation’s Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds; and, (2) the parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any applicable federal law; and, (3) any other standards, procedures and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
FINDINGS OF FACT
1. The minor child, R.E.C., DOB 09/15/82, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A00* * * *.
2. The parties received proper notice of the October 25, 1999 Fact Finding Hearing.
*261 3. The State of Illinois adjudged R.E.C. a ward of the court in 1985, awarding Excilda Bird legal custody.
4. In May 1999, R.E.C. graduated from Sherman Indian High School located in Riverside, CA at sixteen (16) years of age.
5. On June 22, 1999, California State University at San Bernardino informed R.E.C. of its decision to award R.E.C. admission for the 1999 Fall Semester.
6. On June 24, 1999, California State University at San Bernardino informed R.E.C. of its decision to accept R.E.C. into the Bachelor of Science degree program in Computer Science.
7. R.E.C. currently resides in temporary off-campus housing with the family of Maria Pereyra, and has insufficient funds for living expenses and transportation. Ms. Pereyra must transport R.E.C. to and from school due to the distance from campus. R.E.C. cannot reside in on-campus dormitories until reaching the age of majority.
8. R.E.C. has not received a distribution for living expenses in the amount of $4,158.00 per semester as estimated on the 1999-2000 Student Aid Report, but rather has received a total semester allocation of $764.00 from the Financial Aid Department at the University of California at San Bernardino. It remains uncertain when or if R.E.C. will receive supplemental financial assistance through the Ho-Chunk Nation Department of Education.
9. The Economy Driving School located in Riverside, CA will provide driving instruction in the amount of $175.00. Neither the petitioner nor R.E.C. has submitted proper documentation in regards to a vehicle or computer purchase.[1]
10. As of October 1, 1999, R.E.C. had an amount of $27,102.81 deposited in the CTF account.
11. The Ho-Chunk Nation Legislature (hereinafter “Legislature”) has extended a forgivable loan to another minor tribal member attending a secondary education institution.[2]
DECISION
The Court concludes that special need exists in the instant case in light of the documented financial position of R.E.C. and the anticipated use of the monies for educational purposes and related living expenses. The Court further concludes that the plaintiff has exhausted efforts to secure assistance through other state or federal entitlement programs. However, the plaintiff may not have exhausted all tribal funding in accordance with the Per Capita Ordinance 6.01(b) which reads in relevant part: “Funds in the CTF of a minor ... may be available for the benefit of a beneficiary’s ... education ... when the needs of such person are not being met from *262 other Tribal funds or other state or federal public entitlement program.”
The legislation differentiates between “funding” and “entitlement programs”. Because the Legislature has approved pri- or funding in a similar circumstance, the Court directs the plaintiff to seek assistance from the Legislature. Attorney Sheila D. Corbine shall facilitate this action and may be reached at either (715) 284-31709 or (800) 501-8039. In the event the Legislature denies the request, the plaintiff may choose to file an affidavit with this Court detailing the unsuccessful effort. The Court shall then draft an amended order recognizing the fulfillment of the exhaustion requirement.
All parties have the right to appeal a final judgment or order of the Trial Court. If either party is dissatisfied with the decision of this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date this Court renders such final judgment or order. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court. The Notice of Appeal must explain the reason the party appealing believes the decision appealed from is in error. All appellate pleadings to the Ho-Chunk Supreme Court must be in conformity with the requirements set by the Ho-Chunk Supreme Court in accordance with the g Ho-Chunk Nation Rulen of Appellate Procedure.

. At the Fact Finding Hearing, the Court required R.E.C. to submit a computer sales quote from a Radio Shack in the San Bernar-dino area so that the Court might dispense trust fund monies directly to the vendor. R.E.C. has not filed a sales quote as of this date. The Court directed R.E.C. to renew the request for a vehicle at a later date after identifying a specific used car for consideration.

. At the Fact Finding Hearing, the Court directed Attorney Sheila D. Corbine to further investigate the impact a release of CTF funds could have on R.E.C.’s receipt of federal and/or state financial aid, and report the findings to the Court on or before November 2, 1999. In an October 29, 1999 correspondence, Attorney Corbine requested a brief extension of time in order to attend a meeting with Department of Education representatives. On November 3, 1999, Attorney Cor-bine informed the Court of a discussion she had with Area I Legislator Elliot Garvin concerning the possibility of legislative financial assistance.